**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264**

July 10, 2018

Dean A. Campbell, Esquire
The Law Office of Dean A. Campbell, LLC
Georgetown Professional Park
20175 Office Circle
Georgetown, Delaware 19947

Blake W. Carey, Esquire
The Smith Firm, LLC
323D Rehoboth Avenue
Rehoboth Beach, Delaware 19971

Re:    *The Estate of Esther Dodson v. Oliva,*
         **C.A. No. S16C-10-021**

On Defendant's Motion for Summary Judgment: DENIED

|              |                |
| ------------ | -------------- |
| Date Submitted: | April 19, 2018 |
| Date Decided:   | July 10, 2018  |

Dear Counsel,

This matter is presently before the Court on the motion of the Defendant Joseph Oliva ("Defendant") for summary judgment against the Plaintiff The Estate of Esther Dodson by and through its Executrix, Deborah Nails ("Plaintiff"). Plaintiff opposes the Motion. For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.

## I.    FACTUAL BACKGROUND

On or about March 1, 2011, Defendant signed and delivered to Esther N. Dodson a Promissory Note ("Note"), promising to repay her the sum of $90,000.00, together with four percent interest, upon demand. Ms. Dodson (hereinafter, "Decedent") passed away on January 18, 2016. On January 26, 2016, Plaintiff demanded repayment of the Note. After Defendant declined to repay the loan, Plaintiff initiated this civil suit on October 19, 2016.

Defendant filed a counterclaim/third-party claim against Plaintiff and Ms. Nails, wherein he alleges Plaintff/Ms. Nails have failed to reimburse him for funeral expenses and that Plaintiff initiated this case in bad faith to avoid paying said funeral expenses.

Defendant subsequently filed the pending Motion for Summary Judgment.

## II.  STANDARD OF REVIEW

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[1] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[2] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[3] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her case, summary judgment must be granted.[4] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[5]

## III.  DISCUSSION

Defendant asserts he is entitled to summary judgment as well as attorney's fees and costs due

---

[1] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[2] *Id.* at 681.

[3] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, (1986).

[4] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *Celotex Corp., supra.*

[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

to Plaintiff's bad faith in instituting this suit because the "undisputed evidence" establishes that Decedent subsequently released Defendant from his obligations under the Note. Defendant argues to the extent Plaintiff seeks to set aside or rescind the purported release, this Court lacks subject matter jurisdiction.

Defendant submits to the Court a document pursuant to which he contends Decedent released Defendant from his obligations under the Note ("the Document"). The Document, dated December 20, 2012, and witnessed by two individuals, states Decedent could "no longer sign [her] name" and, therefore, she "signed" the Document with the letter "x."[6] Defendant claims Plaintiff has failed to plead any manner in which it can overcome the validity of the Document's release of Defendant's debt. Defendant also argues the fact that Ms. Nails filed a Small Estate Affidavit with the Sussex County Register of Wills is evidence that Ms. Nails knew of the existence of the Note and considered the debt paid.

Plaintiff strongly disputes the validity of the document and argues the evidence will show Decedent did not, in fact, sign or set her mark upon the Document. In so doing, Plaintiff notes the Document was not executed in the presence of a Notary Public. Plaintiff also maintains there is no evidence to support the contention that Decedent was not able to sign her name at the time the Document was executed. Plaintiff submits to the Court cancelled checks signed by Decedent on September 26, 2012, November 13, 2012, and January 11, 2013. Plaintiff also questions the validity of the Document by noting the fact that the Document was not produced until after Decedent's death. Finally, Plaintiff challenges the veracity of the witnesses to the Document's signing, observing that

---

[6] Defendant's Motion for Summary Judgment, Exhibit B. Defendant's Motion for Summary Judgment posits Decedent was unable to sign her name "as a result of her physical ailments." Defendant's Motion for Summary Judgment, at p. 2.

one of the witnesses testified at her deposition that she and the other witness had purchased a mobile home from Defendant, the witnesses continue to make payments for this home to Defendant, and that the affidavits submitted in support of Defendant's Motion for Summary Judgment were signed over three years after the Document was executed at Defendant's lawyer's office.

Plaintiff observes Ms. Nails is not an attorney and was not aware that an outstanding loan would be considered part of Decedent's estate and, once she subsequently learned a loan was considered part of an estate, subsequently opened an estate for Decedent.

The Court first examines a release's validity, second, its clarity, and third, its scope.[7] The Court may "set aside a clear and unambiguous release where there is fraud, duress, coercion, or mutual mistake...."[8] The validity of the signature on the Document purporting to release Defendant's obligation under the Note is a, if not *the*, material fact at issue in this case. While the facts are not sufficiently developed to enable this Court to rule as a matter of law that the Document is invalid, they are sufficient to require the Court to deny Defendant's Motion for Summary Judgment on the ground that the facts need to be more thoroughly developed in order for the Court to determine the validity of the Document. Specifically, the matter calls for credibility determinations to be made by a finder of fact.

Needless to say, there is, at this time, no evidence that Plaintiff initiated this suit in bad faith and the Court declines to award attorney's fees and costs to Defendant on that basis.

---

[7] *Egan & Sons Air Conditioning Co. v. General Motors Corp.*, 1988 WL 47314, at *3 (Del. Super. Ct. Apr. 27, 1988).

[8] *Alvarez v. Castellon*, 55 A.3d 352, 354 (Del. 2012) (on appeal from Superior Court).

4

## IV.  CONCLUSION

Considering the foregoing, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

oc:    Prothonotary